IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
2012 JUL 23 PM 2: 02
CLERK_____
SO. DIST. OF GA.

NATHAN DWAYNE WILLIAMS,

Plaintiff,

v.  :  CIVIL ACTION NO.: CV612-044

STANLEY WILLIAMS; SHAWN
SIKES; and Mrs. MARTIN,

Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Valdosta State Prison in Valdosta, Georgia, has filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement while he was housed at Smith State Prison in Glennville, Georgia. A prisoner proceeding *in forma pauperis* in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

AO 72A
(Rev. 8/82)

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F. 3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F. 3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that Defendants Warden Stanley Williams and Chief Counselor Shawn Sikes refused his request for protective custody, after his wife was threatened by gang members. Plaintiff avers that Defendant Mrs. Martin failed to protect him by refusing his request to be housed in protective custody. Subsequently, Plaintiff contends, he was placed in a two man cell, and his roommate forced him to the ground and sexually assaulted him.

The Eighth Amendment imposes duties on prison officials such as the duty to take reasonable measures to ensure the safety of inmates. Farmer v. Brennan, 511 U.S. 825, 828 (1994). This right to safety is violated when prison officials show a deliberate indifference to a substantial risk of serious harm. Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (citing Farmer, 511 U.S. at 828). "[M]ere[ ] negligent failure to protect an inmate from attack does not justify liability under § 1983." Brown v.

2

Hughes, 894 F.2d 1533, 1537 (11th Cir.1990). In order to sufficiently set forth such a claim, the plaintiff must establish the following: (1) there was a substantial risk of serious harm to him; (2) defendants showed a deliberate indifference to this risk; and (3) there is a causal connection between the defendants' acts or omissions and the alleged constitutional deprivation. Carter, 352 F.3d at 1349.

In this case, Plaintiff's allegation that Defendants Williams and Sikes refused protective custody to him based on alleged threats to his wife is not a cognizable claim under 42 U.S.C. §1983 because Plaintiff fails to show a violation of his own rights. See Touchston v. McDermott, 234 F.3d 1133, 1137 (11th Cir. 2000) (holding that a cognizable claim under 42 U.S.C. § 1983 must allege facts showing that the plaintiff's rights as secured by the Constitution and the laws of the United States were violated by a person acting under color of state law). Plaintiff does not indicate in this allegation that there was a substantial risk of serious harm to him. As such, Plaintiff fails to establish a claim against Defendants Williams and Sikes for deliberate indifference to a substantial risk of serious harm. In Plaintiff's allegation that Defendant Martin failed to protect him by refusing his request for protective custody, Plaintiff fails to establish that Defendant Martin was subjectively aware of the substantial risk of harm and deliberately ignored it. See Farmer, 511 U.S. at 834-38. Rather, Plaintiff generally alleges that Defendant Martin refused his unspecified request to be housed in protective custody and instead housed him in a two man cell, where his roommate later sexually assaulted him. Plaintiff does not specifically indicate that Defendant Martin was subjectively aware that Plaintiff's roommate posed a risk of serious harm to him, nor whether Plaintiff's request for protective custody connected to such incident. Therefore, Plaintiff

3

fails to establish a claim against Defendant Martin for deliberate indifference to a substantial risk of serious harm.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 23rd day of July, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)